IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOSHUA CHAD WOOD                                                                          PLAINTIFF

v.                                    Civil No. 10-5126

ARAMARK CORRECTIONAL
SERVICES, Food Service for the
Washington County Detention Center                                                         DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Joshua Chad Wood, an inmate of the Washington County Detention Center, filed this civil rights action pursuant to the provisions of 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*.

The case is before me for pre-service screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### DISCUSSION

Plaintiff filed this lawsuit against Aramark Correctional Services, the food service provider at the Washington County Detention Center. On some unspecified day in May of 2010, when he was eating his dinner, Plaintiff alleges his beans contained a rock. As he was chewing, Plaintiff states the rock chipped one of his teeth. As relief, he would like the Defendant to fix his tooth and to compensate him "with a reasonable amount of money."

The Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment. U.S. Const. amend. VIII. See also Butler v. Fletcher, 465 F.3d

AO72A
(Rev. 8/82)

340, 345 (8th Cir. 2006)(deliberate indifference standard of the Eighth Amendment applies to all claims that prison officials failed to provide adequate food, clothing, shelter, etc., whether brought by pretrial detainees or convicted inmates). The Cruel and Unusual Punishment Clause of the Eighth Amendment forbids conditions that involve the "wanton and unnecessary infliction of pain," or are "grossly disproportionate to the severity of the crime." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).

A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element. See Revels v. Vincenz, 382 F.3d 870, 875 (8th Cir. 2004)(citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner" Revels, 382 F.3d at 875 (citations and internal quotation marks omitted). Deliberate indifference is established when the plaintiff shows "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." Id. The standards against which a court measures prison conditions are "the evolving standards of decency that mark the progress of a maturing society." Estelle v. Gamble, 429 U.S. 97, 102 (1976).

"Constitutional standards require only that prison authorities provide an inmate with well-balanced meals, containing sufficient nutritional value to preserve health." Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999)(internal quotation marks and citation omitted). An isolated incident involving a foreign object in the food does not state a claim of constitutional dimension. See e.g., Wishon v. Gammon, 978 F.3d 446, 449 (8th Cir. 1992)("[P]risoners have a right to nutritionally adequate food; however, Wishon has presented no evidence that the food he was

AO72A
(Rev. 8/82)

served was nutritionally inadequate or prepared in a manner presenting an immediate danger to his health, or that his health suffered as a result of the food"); Hamm v. DeKalb County, 774 F.2d 1567, 1572 (11th Cir. 1985)("The fact that the food occasionally contains foreign objects . . . does not amount to a constitutional deprivation"); Lunsford v. Reynolds, 376 F. Supp. 526, 527 (W.D. Va. 1974)("The only contention concerning food which is detailed at all, is the inmates' complaint that their food frequently contains insects. Nevertheless, occasional incidents of a foreign object contained in food, while regrettable, does not present a question of constitutional proportion").

## CONCLUSION

For the reasons stated, I recommend the complaint be dismissed because the claims asserted are frivolous or fail to state claims upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed on such grounds at any time). The dismissal of this case will constitute a strike under the provisions of the Prison Litigation Reform Act. The clerk should be directed to place a § 1915(g) strike flag on the case.

**Plaintiff has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 30th day of September 2010.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)